Andrew T. Ryan (SBN 227700)
The Ryan Law Group
317 Rosecrans Ave.
Manhattan Beach, CA 90266
Tel: 310-299-9550
Email: andrew.ryan@theryanlawgroup.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEREMIAH BALLEW and ELENI HONDERICH, on behalf of themselves and those similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>HUUUGE, INC., a Delaware corporation,<br><br>        Defendant. | CASE NO. 2:23-cv-04324-GW (AGRx)<br><br>Assigned to Judge George H. Wu<br><br>**PLAINTIFF'S STATUS REPORT RE MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

Plaintiffs Jeremiah Ballew and Eleni Honderich (collectively, "Plaintiffs") provide a status update regarding their Motion for Preliminary Approval of Class Action Settlement, Provisional Certification of Settlement Class, and Approval of Procedure for and Form of Notice ("Preliminary Approval Motion"). ECF No. 42. On June 5, 2024, the Court issued a Tentative Ruling denying the Preliminary Approval Motion. On June 6, 2024, the Court adopted the Tentative Ruling as the Court's Final Ruling and denied the Preliminary Approval Motion. ECF No. 61. The Court's June 6, 2024 Order denied the Preliminary Approval Motion, in part, because (1) the Court required additional information to determine that the injunctive relief set forth in the Settlement Agreement would bring Huuuge Casino and Billionaire Casino ("Applications") in compliance with state laws, (2) the compensation to class members in the form of Virtual Diamonds was not acceptable, and (3) Sections 2.3.1 and 2.3.5 of the Settlement Agreement required clarification. The Court set a hearing date of August 19, 2024 for a renewed motion by Plaintiffs.

Following the Court's Order, the parties met and conferred regarding amendments to the Settlement Agreement that would address the issues raised in the Court's denial of the Preliminary Approval Motion. The parties were not able to reach an agreement on such amendments. First, the parties were unable to reach an agreement as to whether the changes implemented by Defendant to the Applications were consistent with the terms of the Settlement Agreement and in compliance with state laws. Second, Defendant declined to provide a substitute having equal or greater value to the Virtual Diamonds in the Settlement Agreement as the form of benefit to class members. Third, the parties were unable to reach an agreement on clarifications of Sections 2.3.1 and 2.3.5 of the Settlement Agreement.

Given the Court's denial of the Preliminary Approval Motion and the parties' inability to reach an agreement on amendments to the Settlement

Agreement, Plaintiffs concluded that renewing the Preliminary Approval Motion would be futile and terminated the Settlement Agreement pursuant to Section 6.1 of the Settlement Agreement. Section 6.1 of the Settlement Agreement provides:

> **Right to Terminate Agreement for Either Party**. Either Party has the right to terminate and withdraw from this Agreement if the Court or any reviewing court makes any order materially inconsistent with the terms of this Agreement or fails to preliminarily or finally approve this Settlement without material change. For all purposes of this Agreement, it shall be considered a material change if the Court or any reviewing court requires that Settlement Class Members receive other in-game benefits besides Virtual Diamonds or more Virtual Diamonds than provided under this Agreement. However, in that event, Defendant shall at its sole option have the right but not the obligation to substitute other in-game items or benefits having the same or greater value and acceptable to the Court. However, if Defendant chooses not to make such a substitution, the failure of the Court or any reviewing court to approve Virtual Diamonds or the number of Virtual Diamonds to be distributed, will be a material change. It will not be a material change if the Court or any reviewing court reduces Class Counsel's Fee Award or the Class Representatives' Incentive Awards. Except as stated above, materiality shall be decided by the Court upon the Parties' right to submit briefing on the issue with a limit of no more than ten (10) pages per side. Class Counsel retain their right to appeal any decision by the Court regarding the Fee Award or Incentive Awards Plaintiffs hereby terminate the agreement. In view of this, we suggest that the parties enter into a stipulation to set forth a schedule for defendant to respond to the complaint and for briefing on any Rule 12 motion defendant intends to file.

STATUS REPORT                              2:23-CV-04324-GW (AGRX)

1  Counsel for Defendant contended that Plaintiffs did not have a right to
2  terminate the Settlement Agreement, arguing that Plaintiffs were under an
3  obligation to renew the Preliminary Approval Motion under Section 5.1 of the
4  Settlement Agreement. Counsel for Plaintiffs responded that Plaintiffs have taken
5  reasonable steps to secure the Court's approval of the Settlement Agreement in
6  compliance with Section 5.1. Counsel for Plaintiffs further explained that the
7  Settlement Agreement expressly allowed for termination in the event of the Court's
8  denial of the Preliminary Approval Motion and Defendant's election not to
9  substitute Virtual Diamonds as the form of compensation.

Counsel for Plaintiffs also explained that Plaintiffs could not, in good faith, renew the Preliminary Approval Motion, because Plaintiffs do not believe that the changes made by Defendant to the Applications are consistent with the requirements of the Settlement Agreement or in compliance with state laws. Specifically, Section 2.3.4 of the Settlement Agreement requires that the "additional games that players will be able to continue to play in Lite Mode shall be of similar type, quality and experience as other games within the Applications." This was an essential aspect of the injunctive relief intended to bring the Applications into compliance with state laws. Defendant has not made changes to the Applications consistent with this provision. The slot machine games offered in Lite Mode remain of a lower quality than those elsewhere in the Applications and Lite Mode does not include games of the same type provided elsewhere in the Applications, such as blackjack, roulette, baccarat and poker.

Accordingly, Plaintiffs decline to renew their Motion for Preliminary Approval and believe that the Settlement Agreement is terminated. Plaintiffs request that the hearing scheduled for August 19, 2024 be vacated and that the Court enter a schedule for Defendant to respond to the Complaint as follows:

Defendant's deadline to respond to Complaint: August 22, 2024

Plaintiff's deadline to oppose Defendant's motion(s): September 12, 2024

1 | Defendant's reply in support of motion: September 19, 2024
2 | Hearing on Defendant's motion(s): October 3, 2024 at 8:30 a.m.
3
4 | Respectfully submitted,
5
6 | THE RYAN LAW GROUP
7 | Dated: July 24, 2024          By: */s/Andrew T. Ryan*
8 |                                   Andrew T. Ryan, Esq.
  |                                   Counsel for Plaintiffs Sara Ochoa and
9 |                                   Kimberly Brown