KEVIN E. GAUT (SBN 117352)
  keg@msk.com
KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant
Huuuge, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEREMIAH BALLEW and ELENI HONDERICH, on behalf of themselves and those similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>HUUUGE, INC., a Delaware corporation,<br><br>  Defendant. | CASE NO. 2:23-cv-04324-GW (AGR*x*)<br><br>Assigned to Judge George H. Wu<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' IMPROPER [ECF NO. 66] "STATUS REPORT" AND [ECF NO. 67-1] PROPOSED ORDER**<br><br>Filed:          June 2, 2023<br>Hearing Date:  August 19, 2024 |

Plaintiffs have filed an improper "Status Report" purporting to say that the Court has denied preliminary approval of the class action Settlement Agreement, that they can therefore terminate the Settlement Agreement, and asking the Court to vacate the August 19, 2024 hearing, which currently is scheduled to be held with the parallel *Ochoa v. Zeroo Gravity* case, Case No 22-5897-GW-ASx (the "*Ochoa* Case.") *See* ECF 66 and 67 (Plaintiffs' "Status Report" and Proposed Order)

The Status Report and enclosed requests violate the Court's orders. The Court did not finally deny preliminary approval, but rather ordered additional briefing on preliminary approval and a further hearing, just as it directed in the *Ochoa* case. *See* Order on Preliminary Approval (ECF 62) (the "Order"), p. 1. In particular, the Court directed Plaintiffs to file a "renewed motion for preliminary approval" on July 25, 2024. *Id*. And the Court otherwise made plain that it intended to continue considering preliminary approval, after additional arguments. *See, e.g.,* Order (ECF 62), p. 13 (fn. 6) (seeking more counsel input on gambling issues). The Court made the same plain at the hearing on the Motion for Preliminary Approval, noting that it wanted the parties "to do more" and to "coordinate" the proceedings with the *Ochoa case*. *See* Transcript of 6/6/2024 hearing, 11:12-18. Moreover, the Court otherwise noted the parallelism with the *Ochoa* case. *See* Order (ECF 62), p. 2 (Because the settlement in this case is "nearly identical" to that in Ochoa, "the Court's ruling today is substantial similar to and largely adopted from its earlier order.").[1]

As the Court expressed, it will benefit from hearing arguments in both cases, and Plaintiffs have no right to rewrite the Court's order, purporting unilaterally to cancel the hearing. Also, while the Court obviously could deny preliminary approval, Plaintiffs have no right to withdraw their support of the carefully

---

[1] Defendant Huuuge notes that, although the two settlement agreements are similar, they do have differences: Huuuge's settlement agreement does not include a nationwide release of gambling claims.

negotiated Settlement Agreement, which they found "desirable"; "fair, reasonable, and adequate"; and "in the best interests of the Settlement Class Members." *See* Settlement Agreement, Section G, p. 2; Sections H and I, p. 3. And they admitted reaching those conclusions "based on their comprehensive examination and evaluation of the law and facts." *Id*. Section H, p. 2; *see also* Section 3, p. 1 ("Class Counsel conducted a thorough investigation into the facts").

Indeed, Plaintiffs breach the Settlement Agreement if they refuse to support preliminary approval. The Settlement Agreement obligates them to "exercise their best efforts," including to "seek… and defend Court approvals" of the settlement. *See* Section 7.14 of the Settlement Agreement. They are not entitled to abandon the Settlement Agreement on a false claim that this Court denied preliminary approval with prejudice. And it is quite surprising Plaintiffs would make such an argument, given their unequivocal support for the settlement in the Agreement itself. This appears to be a cynical attempt renege on their bargain. In any event, under the Settlement Agreement, it is for this Court -- not Plaintiffs unilaterally -- to decide whether they can terminate – especially in the middle of briefing on preliminary approval. *Id.* (parties will "submit[]…disputes to the Court" concerning the "implementation or interpretation of this Agreement").

Defendant intends to comply with the Order which directs it to file a brief on August 1, 2024; has been working diligently on the brief; and will address there in detail why Plaintiffs cannot unilaterally withdraw from Settlement, and why preliminary approval should be granted (addressing all the concerns raised by the Court during the hearing).

Defendant also notes that Plaintiffs' "Status Report" improperly disclosed (and mischaracterizes) confidential settlement discussions, which Defendant finds especially disquieting.

Defendant writes now only to ensure that the Court does not countenance Plaintiffs' improper unilateral effort to rewrite the Court's order, without any

proper notice, a timely motion to reconsider, or other appropriate application, in the guise of a "Status Report" and accompanying order. The parties can of course otherwise address their respective positions at the August 19, 2024 hearing.

DATED: JULY 25, 2024

KARIN G. PAGNANELLI
KEVIN E. GAUT
MITCHELL SILBERBERG & KNUPP LLP

By:/s/ *Kevin E. Gaut*
Kevin E. Gaut
Attorneys for Defendant
Huuuge, Inc.